# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# ABERDEEN DIVISION

GERALD SIMPSON, DECEASED, BY
ELEANOR KELLER, INDIVIDUALLY AND
ON BEHALF OF ALL WRONGFUL DEATH
BENEFICIARIES OF GERALD SIMPSON, Deceased      **PLAINTIFFS**

**VS**      **NO.** 1:16cv136-SA-DAS

ATTALA COUNTY, THE CITY
OF KOSCIUSKO, MISSISSIPPI, DARRIN FLEMING
AND DOE'S ONE (1) THROUGH TEN (10)      **DEFENDANTS**

## COMPLAINT
### (Jury Trial Demanded)

COMES NOW ELEANOR KELLER, INDIVIDUALLY AND ON BEHALF OF ALL HEIRS-AT-LAW AND/OR WRONGFUL DEATH BENEFICIARIES OF GERALD SIMPSON, by and through her attorney, and files this her Complaint against Attala County, the City of Kosciusko, and Doe's One (1) through Ten (10) for the wrongful death of GERALD SIMPSON, to recover actual and punitive damages for the Defendants' violations of the decedent's Fourth (4th) Amendment right to be free from unreasonable seizure of his person, Fourteenth (14th) Amendment right to substantive due process without intentional exposure to known danger, both claims made actionable pursuant to 42 U.S.C. §1983 and also the common law right to be free from actions of city and county law enforcement evincing reckless disregard for the decedent made actionable pursuant to the Mississippi Tort Claims Act ("MTCA"), the Mississippi Vulnerable Adults Act ("MVAA") and Mississippi common law and would show unto the Honorable Court the following, to wit:

### (PARTIES)

1. Plaintiff ELEANOR KELLER is an adult resident citizen of Attala County, Mississippi

and resides at 605 South Natchez Street, Kosciusko, Mississippi 39090. She brings suit on behalf of the wrongful death beneficiaries of Gerald Simpson, ("Decedent"), for the negligent actions that caused his death. The Chancery Court of Attala County entered an Order on April 14, 2016, finding that Glen Simpson, father, Eleanor Keller, sister, Evelyn Simpson, sister, and Gary Lee Simpson, brother, are the sole wrongful death beneficiaries of Gerald Simpson, deceased.

2. Defendant, Attala County, is a Mississippi County and political subdivision of the State of Mississippi. Attala County may be served with process by and through Tim Pinkard, President of the Attala County Board of Supervisors and Gerry Taylor, the Attala County Chancery Clerk both of whom can be served with process at 230 West Washington Street, Kosciusko, Mississippi 39090.

3. The Defendant City of Kosciusko ("Kosciusko") is a political subdivision and a Municipality of the State of Mississippi that may be served with process by and through Hart Pettit, City Clerk, 222 East Washington, Kosciusko, Mississippi 39090 and by and through the Mayor of Kosciusko, Jimmy Cockroft, 222 East Washington Street, Kosciusko, Mississippi 39090.

4. Defendant Darrin Fleming ("Fleming") is an adult resident citizen of Attala County, Mississippi, and may be served with process at the Attala County Sheriff's Department where he works as a deputy in Kosciusko, Mississippi. Fleming's actions at all relevant times as outlined hereinbelow occurred while he was acting under color of law and worked in his individual and official capacity, and within the course and scope of his employment as a law enforcement officer for Attala County on January 26, 2015.

5. Defendants Doe's One (1) through Ten (10) are law enforcement officers, public officials, city and county employees who acted in their individual and official capacity as public officials to cause or contribute to the wrongful death of Gerald Simpson.

## JURISDICTION AND VENUE

6. This action is being brought pursuant to 28 U.S.C. §1331, 28 U.S.C. §1343(a)(3) and 42 U.S.C. §1983 and includes any and all state law claims plead herein below for which jurisdiction and venue attach thereto, specifically, but not limited to Title 43, Chapter 47 of the Mississippi Code, known as the Mississippi Vulnerable Adults Act, Title 11, Chapter 46, known as the Mississippi Tort Claims Act and the Mississippi Wrongful Death Act, Section 11-7-13 on the Mississippi Code of 1972, as amended.

7. Venue is proper in the Northern District of Mississippi, pursuant to 28 U.S.C. §1391 since a substantial part of the events and omissions giving rise to this claim occurred in this judicial district.

## FACTS

8. On January 26, 2015, Gerald Simpson was walking on Highway 12 in Kosciusko, Mississippi. Defendant Kosciusko and Kosciusko officer defendant Does One (1) or more responded to a call for assistance and traveled to the location where Gerald Simpson was found. Said Kosciusko defendants found the decedent to be outside the city limits and within Attala County's jurisdiction.

9. Kosciusko defendants detained the decedent until defendants Fleming and Attala County arrived and then turned the decedent over to Fleming and Attala County. Attala County transported the decedent across the county line to Durant in Holmes County, Mississippi, where he was released at a convenience store around 5:15 p.m. on said date. Defendant Fleming then went to his home near Sallis, Mississippi.

10. The decedent Simpson was struck by a vehicle driven by Zane Ballard on Highway 12 in Holmes County, Mississippi, at approximately 8:00 p.m. on January 26, 2016, and was killed as a

result of the injuries he sustained in said incident. He was walking East and in the direction of his home in Kosciusko, Mississippi.

## CAUSE OF ACTION

11. This is a claim for wrongful death filed by Plaintiffs as a result of Defendants violating Decedent's Fourteenth (14th) Amendment substantive due process rights by intentionally exposing the Decedent to known danger by Defendant Fleming carrying the visibly infirm Simpson out of the county and abandoning him in Durant, Mississippi.

12. Defendants Fleming, Kosciusko and Attala County violated the Decedent's Fourth (4th) Amendment rights with an unreasonable seizure that continued when Defendant Fleming unlawfully transported Gerald Simpson to Durant, Mississippi. As a result of Defendants' actions, Gerald Simpson was killed as on January 26, 2015.

13. Gerald Simpson and/or his wrongful death beneficiaries have a viable claim for damages under 42 U.S.C. §1983.

## COUNT ONE (1)
["MTCA" and "MVAA"]

14. Plaintiffs incorporate and re-adopt the allegations of the preceding paragraphs by reference as if fully set forth set forth herein.

15. This is a claim for wrongful death filed by Plaintiffs for the death of Gerald Simpson, resulting when Defendants Kosciusko, Attala County, Fleming and Does One (1) through Ten (10) breached their duty to Gerald Simpson, by failing to recognize Gerald Simpson was a vulnerable adult suffering from mental infirmity. As a result of Defendants' reckless disregard for the safety of Gerald Simpson, he was killed. Defendant Fleming transported Gerald Simpson to the "next" town and abandoned him. Defendants' seizure and abandonment of the mentally ill Gerald Simpson

placed him to be in the same dangerous position in which they initially found him "in the middle of Highway 12". It was clearly foreseeable that he would be struck and killed by a car. Defendants' negligence was a direct and proximate cause of Gerald Simpson's death.

16. Defendants recklessly failed to use any judgment and to determine if Gerald Simpson was mentally lucid before unlawfully transporting Gerald Simpson to Durant, Mississippi.

17. Defendants' conduct amounted to reckless disregard for the safety of the deceased, Gerald Simpson.

### COUNT TWO (2)
[Fourth (4th) Amendment-Wrongful Seizure]

18. Plaintiffs incorporate and re-adopt the allegations of the preceding paragraphs by reference as if fully set forth set forth herein.

19. On January 26, 2015, Gerald Simpson had a clearly established constitutional right to be free from unreasonable seizure and transport of his body without probable cause to take him out of Attala County

20. The Defendants' intentional disregard of Gerald Simpson's visibly infirm mental state resulted in an unreasonable seizure of his body.

21. Defendants' intentional and deliberate indifference for Gerald Simpson's life placed him in a foreseeably dangerous situation and he was struck and killed by a car.

### COUNT THREE (3)
[Fourteenth (14th) Amendment-Substantive Due Process]

22. Plaintiffs incorporate and re-adopt the allegations of the preceding paragraphs by reference as if fully set forth set forth herein.

23. The Defendants failed to provide Gerald Simpson with due process and equal protection under the law when Defendants Fleming and Does One (1) through Ten (10) intentionally exposed the decedent to known and foreseeable danger and thus deprived Gerald Simpson of liberty and life.

24. The Defendants' intentional acts with regard to Gerald Simpson's visibly infirm mental

state were at all times an unreasonable violation of Simpson's clearly established rights under the Fourteenth (14th) Amendment.

25. Defendants' intentional and deliberate indifference to Gerald Simpson's life placed him in the dangerous situation that resulted in Simpson's demise.

## COUNT FOUR (4)
(Kosciusko's and Attala County's Constitutional Violations)

26. Plaintiffs incorporate and re-adopt the allegations of the preceding paragraphs by reference as if fully set forth set forth herein.

27. Defendants Kosciusko and Attala County failed to enforce and follow policies that resulted in the aforesaid violations of Gerald Simpson's Constitutional rights which includes but not limited to the following, to wit:

> a. Hire, train and to provide public safety services consistent with the nationally recognized minimal acceptable standards of competency;
> 
> b. To provide proper training to the Defendant;
> 
> c. Hire, train and to provide public safety services consistent with the nationally recognized minimal acceptable standards of competency;
> 
> d. Properly train and supervise all individuals who are employed by them;
> 
> e. Follow the Minimum Standards of Operation for Mississippi Law Enforcement Officers as a licensed Public Safety Office within the State of Mississippi.

## DAMAGES FOR THE WRONGFUL DEATH OF GERALD SIMPSON

28. The deceased Gerald Simpson's wrongful death beneficiaries, by and through the decedent's natural sister, Eleanor Keller, seek all damages to which they are entitled under the Mississippi Wrongful Death Statute for the death of Gerald Simpson. These damages include but are not limited to the following, to wit:

a. Past and future medical expenses;

b. Funeral expenses for Gerald Simpson;

c. Loss of remaining net cash value of the life of Gerald Simpson prior to suffering injuries that caused his death;

d. Loss of gratuities and services reasonably expected for the wrongful death of Gerald Simpson;

e. Loss of love, society, and companionship;

f. Loss of consortium, loss of household, and loss of domestic to all statutory beneficiaries;

g. The plaintiffs' loss of enjoyment of life;

h. All pain and suffering suffered by the Decedent prior to his death;

i. The Plaintiffs' mental anguish;

j. For all other losses arising from the injuries and death of the Decedent Gerald Simpson, recoverable under the Mississippi Wrongful Death Act, and to which the Plaintiffs are entitled for Gerald Simpson's injuries and resulting death.

## ADDENDUM

29. At all times relevant to this civil action, Defendant Darrin Fleming acted under the color of state law and within the course and scope of his duties as deputy sheriff of Attala County, Mississippi.

30. At all times relevant to this civil action, Defendant Fleming and Doe's One (1) through Ten (10) acted with deliberate indifference and reckless disregard to decedent Simpson's Federally protected rights evidencing willful, wanton or reckless disregard for Decedent.

## PUNITIVE DAMAGES

31. Plaintiffs incorporate and re-adopt the allegations of the preceding paragraphs by reference as if fully set forth set forth herein.

32. The defendants' actions, on the occasion of the wrongs and injuries herein were intentional, willful, unlawful, and/or with such reckless and wanton indifference and disregard for the rights and safety of Gerald Simpson as to evince intentional conduct.

33. The Defendant's conduct stated herein constitutes gross negligence as defined by Mississippi law, and the Plaintiffs are therefore entitled to assert a claim for punitive and exemplary damages in an amount sufficient to punish and deter the Defendant and others like the Defendant from such conduct in the future.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs demand compensatory damages, costs, and attorney fees as set fourth in 42 U.S.C. §1988 of and from the Defendants, for an amount in excess of seventy-five thousand dollars ($75,000.00) exclusive of costs, interest and attorney fees as well as punitive damages all to be determined by the trier of fact and any other and further relief as they may be deemed entitled to under the premises.

RESPECTFULLY SUBMITED, this the 25th day of July, 2016.

ELEANOR KELLER, Plaintiffs

BY: _____
Carlos E. Moore (MSB # 100685)
Tameika Bennett (MSB # 103146)
MOORE LAW GROUP, P.C.
Post Office Box 1487
Grenada, Mississippi 38902-1487
Telephone: (662) 227-9940
Facsimile: (662) 227-9941

OF COUNSEL:
JAMES C. PATTON, JR. (MSB # 4059)
Post Office Box 80291
Starkville, Mississippi 39759
Telephone: (662) 324-6300
Facsimile: (662) 324-2211
Email: jpatton@pattonlawoffice.net